**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52170**

| | |
|---|---|
| In the Matter of John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) ) |
| JOHN DOE (2024-39), | ) ) |
| Respondent-Appellant. | ) ) ) |

Filed: December 17, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Barnum Law, PLLC; Randall S. Barnum, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Peter A. Mommer, Deputy Attorney General, Boise, for respondent.

LORELLO, Judge

John Doe (2024-39) appeals from the judgment terminating his parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In March 2023, an officer brought the mother of Doe's child, Jane Doe, into custody on an order for involuntary detention following Jane's report to medical personnel that she suffered from homicidal ideations against a family member and had used methamphetamine in the previous twenty-four hours.[1] The officer inspected Jane's home and found the child with little food to eat

---

[1] Termination of Jane Doe's parental rights is at issue in a separate appeal.

and no apparent place to sleep. At that time, Doe was incarcerated and had previously only lived with the child for one three-week period in 2022. The Department of Health and Welfare declared the child to be in imminent danger and the child was placed in foster care.

A petition under the Child Protective Act was filed. The child was placed into the Department's legal custody. It was confirmed that the child has autism and requires a high level of structure and support at home and in school. In April 2023, the Department approved a case plan for Doe. The case plan addressed Doe's prior convictions, employment, mental health, and parenting skills in order for Doe to acquire the necessary skills to care for and reunite with the child. The Department raised concerns about Doe's prior conviction for felony injury to a child and his inability to complete a mandated protective-parenting course. After his release from incarceration in August 2023, Doe attended all visits with the child, but the child was moved to a foster home in Idaho Falls. As a result, Doe was unable to have in-person visits with the child as often. The first two visits with the child in Idaho Falls were unsupervised. When the Department required future visits to be supervised, Doe stopped in-person visits. Doe was also authorized to have two telephone calls per week with the child but stopped making those calls several months before the termination trial.

The Department filed a petition to terminate Doe's parental rights. During the termination trial, the Department presented testimony and exhibits recounting Doe's failure to complete the required protective-parenting class, his recent incarceration, his criminal history including a conviction for felony injury to child, and his untreated anger management problems. Following the trial, the magistrate court found by clear and convincing evidence that Doe had neglected the child and that termination of Doe's parental rights is in the child's best interests. As a result, the magistrate court terminated Doe's parental rights. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a

reasonable mind might accept as adequate to support a conclusion.[2]  *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009).  The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.*  The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required.  *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006).  Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain.  *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006).  Further, the trial court's decision must be supported by objectively supportable grounds.  *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe asserts that the magistrate court erred in finding that he neglected the child and that termination of his parental rights is in the child's best interests.  The Department responds that clear and convincing evidence exists that Doe neglected the child and that the termination of Doe's parental rights is in the child's best interests.  Because the magistrate court's findings are supported by substantial and competent evidence, we affirm the termination of Doe's parental rights.

**A.  Statutory Basis for Termination**

A parent has a fundamental liberty interest in maintaining a relationship with his or her child.  *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002).  This interest is protected by the Fourteenth Amendment to the United States Constitution.  *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).  Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved.  I.C. § 16-2001(2).  Therefore, the requisites of due

---

[2]      The Department asserts that a decision terminating parental rights is reviewed for an abuse of discretion.  In support of this assertion, the Department cites *State v. Dunlap*, 155 Idaho 345, 363, 313 P.3d 1, 19 (2013).  Although that case accurately states the abuse of discretion standard, it does so in the context of post-conviction relief. It is unclear why the Department asserts the abuse of discretion standard is relevant to this appeal. The Department ultimately concludes that "substantial and competent evidence support the magistrate court's findings that John Doe neglected the child."

3

process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652. Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

The magistrate court terminated Doe's parental rights on the basis of neglect. Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

On appeal, Doe argues that there was no evidence presented to prove that he neglected the child. Doe also contends that he substantially complied with his case plan. During trial, the magistrate court found that the Department failed to show by clear and convincing evidence that Doe failed to comply with the court's orders or the case plan in the Child Protective Act case. Accordingly, the magistrate court granted Doe's motion to dismiss this allegation as a basis for terminating his parental rights. Doe argues that, once the motion to dismiss was granted, there was no evidence to support the magistrate court's finding that Doe neglected the child. In support of this argument, Doe asserts that

4

he visited the child in Idaho Falls as often as he was able to and that the magistrate court gave undue weight to his past actions. In addition, Doe contends he was unable to participate in the protective parenting class because of factors outside of his control. However, the magistrate court concluded that Doe neglected the child because the Department had proven by clear and convincing evidence that Doe had not demonstrated the parenting skills required to meet the physical or emotional needs of his special needs child.

Doe acknowledges his child has special needs but contends he should be allowed to retain his parental rights without the child living with him full-time. According to Doe, the magistrate court should not have taken an "all or nothing" approach in terminating his parental rights just because he was not prepared to care for the child full-time. We disagree. That Doe believes the Department should have accommodated part-time parenting does not mean the statutory definition of neglect was not satisfied. Doe has not demonstrated the ability to meet his child's special needs and Doe's history of violence toward his romantic partners and children interferes with his ability to safely parent a child, particularly one with special needs. The magistrate court also found that, while Doe made efforts to substantially complete his case plan, he failed to complete the necessary protective-parenting class mandated to address the Department's concerns about Doe's history of abusive behavior. In addition, the magistrate court found that the Department has had custody of the child for fifteen of the most recent twenty-two months. The magistrate court's finding that Doe neglected the child is supported by substantial and competent evidence.

**B.     Best Interests**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests

of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

On appeal, Doe argues that there was no evidence presented to prove that maintaining his parental rights would be contrary to the child's best interests. Doe asserts that he has attempted to build a relationship with the child, exhibited appropriate behavior during visits, and demonstrated a willingness to learn how to meet the child's special needs. Doe's argument is unpersuasive.

At the termination trial, the magistrate court found that Doe's history of violence toward children and intimate partners posed an ongoing risk of serious physical harm to the child. The magistrate court stated that, "seldom is it clear to this court that returning a child to a parent is likely to result in significant physical harm or death but that is the case here." Based on the observations of the Department and Doe's failure to attend a protective-parenting class, the magistrate court found it is in the best interests of the child to terminate Doe's parental rights. Doe has not shown any error in this finding. The magistrate court's finding that termination of Doe's parental rights is in the best interests of the child is supported by substantial and competent evidence.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's findings that Doe neglected the child and that terminating Doe's parental rights is in the child's best interests. Consequently, Doe has failed to show error in the magistrate court's decision to terminate his parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge TRIBE, **CONCUR**.